**S. M. BONEY et al., Appellants,**

v.

**Elbert HARRIS, Appellee.**

**No. 16927.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 20, 1977.

Jimmie F. Y. Lee, Houston, for appellant S. M. Boney.

Philip M. Shafer, Houston, for appellant Hannah Chow.

Lucas & Hudson, Anson D. Phipps, Houston, for appellee.

PEDEN, Justice.

Elbert Harris, as administrator of the estate of Grace V. Gale with will annexed, was granted a summary judgment in his suit to remove a cloud from the title of certain property that appellant S. M. Boney had sold to the decedent. The trial court found that appellant Boney had filed a claim against the estate, that it was rejected by the administrator, and that Boney's failure to file suit within 90 days thereafter, pursuant to § 313 of the Texas Probate Code, barred the claim. Appellant alleges error in the court's 1) presumed finding that the claim was properly authenticated, 2) deeming admitted certain admissions requested by appellee, 3) failure to allow a trial on appellants' defensive pleading of fraud, and 4) granting summary judgment on appellee's motion that failed to specify the grounds on which it was based. We reverse and remand.

The decedent, Grace V. Gale, purchased a house and some lots from S. M. Boney in 1969 and executed a vendor's lien note and a deed of trust in favor of Mr. Boney in the principal amount of $12,500. She died in May of 1973, and on January 9, 1976, Boney purportedly filed a $6,349.95 claim against her estate for the balance allegedly due on the note and 10% attorney's fees.

Appellants are Mr. Boney and Hannah Chow, trustee in the deed of trust. In points of error one through five, they argue that the summary judgment was improper because of a fatal defect in the affidavit Boney filed in support of his claim. It read:

"S. M. Boney . . . on his oath states that he is the owner of such claim, that the same is just, and that all legal offsets, payments and credits *through September 8, 1975* which were known to the affiant have been allowed." (emphasis added).

It is provided in § 301 of the Texas Probate Code that:

". . . no personal representative of a decedent's estate . . . shall allow . . . a claim for money against such estate, unless such claim be supported by an affidavit that the claim is just and that all legal offsets, payments, and credits known to the affiant have been allowed."

Boney's affidavit was filed four months after September 8, 1975, so it did not comply with the statutory requirements in that it made no representation concerning any offsets, payments or credits during that four-month period.

The landmark case of *Walters v. Prestidge*, 30 Tex. 66 (1867) held that an affidavit supporting a claim against an estate must be authenticated with the exact language of the statute or words conveying the same meaning.

"Without entering upon a philological discussion, in order to arrive at the meaning of the terms 'offsets, payments, and credits,' it is very clear from the terms themselves, considered with reference to the purpose and policy of the law, that they were intended to comprehend every claim for money, of whatever character, existing in favor of the testator or intestate, against the holder of the claim, and every right or equity which, if allowed, would reduce the amount of the claim presented, to the end that the balance remaining, after deducting these allowances, should represent what is due from the estate to the holder of the claim, after an honest and fair statement of all pecuniary matters between the parties. 30 Tex. at 72.

The affidavit in *Walters v. Prestidge* stated that "the account . . . is correct and just, after allowing all proper credits, to the best of his knowledge and belief." 30 Tex. at 67. The Supreme Court held that the affidavit was insufficient to support the claim, that the administrator was unable to allow or reject it, and that the holder could not sue on it. 30 Tex. at 72. See also *Small v. Small*, 434 S.W.2d 940 (Tex.Civ.App. 1968, writ ref., n. r. e.); Tex. Probate Code § 301. The rejection of a claim not verified as required by law did not set in motion the 90-day statute of limitations. *Hooks v. Martin*, 229 S.W. 592 (Tex.Civ.App. 1921, no writ). A claimant may sue for the establishment of his claim

only after rejection of it by the personal representative and only if the claim was legally presented. § 314, Texas Probate Code. 18 Tex.Jur.2d 504, § 645.

We hold that the affidavit in our case was not in substantial compliance with § 301 and thus did not activate the 90-day statute of limitations provided in § 313 of the Texas Probate Code. We believe the appellants' pleading and affidavits asserting that the 90-day limitations period could not run against a void claim presented an issue that should have barred the granting of the summary judgment.

The second question raised by appellants, in points of error six through fourteen, is whether the trial court should have deemed that they had admitted certain requests.

Appellants argue that the following questions involved matters of law and were not requests for admissions of facts as authorized by Rule 169 of the Texas Rules of Civil Procedure:

"*Request 1.* That S. M. Boney filed a claim on January 9, 1976, against the Estate of Grace V. Gale in this cause number, in the sum of SIX THOUSAND THREE HUNDRED FORTY-NINE AND 95/100 DOLLARS ($6,349.95)"

"*Request 2.* That S. M. Boney did not file a lawsuit to establish the claim described in Request No. 1 within 90 days after February 8, 1976."

"*Request 3.* That S. M. Boney has never filed a lawsuit to establish the claim described in Request No. 1"

"*Request 4.* That the sum claimed by S. M. Boney to be due from the Estate of Grace V. Gale, was for money claimed by Mr. Boney to be due and owing on a real estate note and Deed of Trust lien signed by Mrs. Gale on April 30, 1969, and applying to the following listed real property:

All of Lots Four (4) and Five (5) and the East one-half (½) of Lot Three (3), in Block Six (6) of Lincoln Park Addition, being a part of HOLMAN No. 87, in Harris County, Texas."

We consider that the effect of appellants' response to Request 1 was to say that what was filed on January 9, 1976 did not amount, in law, to a valid claim. As we have indicated, we believe they were correct, and we do not agree that the first request should have been deemed admitted.

We also sustain the appellants' thirty-first point of error, that the trial court erred in granting summary judgment for the appellee because his motion for summary judgment did not state the specific grounds it was based on. It merely asserted that the defendants' answer was "insufficient in law to constitute a defense to Plaintiff's cause of action; that as shown by the pleadings, together with depositions, admissions and affidavits, if any, on file herein, there is no genuine issue as to any material fact between the parties herein, and by reason thereof the Plaintiff is entitled to a judgment against both Defendants . . . as a matter of law as prayed for by Plaintiff."

Paragraph (c) of Rule 166–A, Texas Rules of Civil Procedure, was amended in 1971. It now contains this requirement: "The motion for summary judgment shall state the specific grounds therefor."

The motion in our case does not state any specific grounds upon which it is based, so it does not comply with Rule 166–A(c) as amended. *Moody v. Temple National Bank*, 545 S.W.2d 289 (Tex.Civ.App. 1977, no writ). See also *Mallory v. Dorothy Prinzhorn Real Estate*, 535 S.W.2d 371 (Tex.Civ.App. 1976, no writ) and *Avinger v. Campbell*, 499 S.W.2d 698 (Tex.Civ.App. 1973, writ ref. n. r. e., 505 S.W.2d 788).

We do not reach the appellants' other points of error.

Reversed and remanded.