Donald R. BERING, Appellant,

v.

REPUBLIC BANK OF SAN ANTONIO and Charles H. Leopold, Appellees.

No. 1359.

Court of Civil Appeals of Texas, Corpus Christi.

May 17, 1979.

Rehearing Denied June 7, 1979.

Clark G. Thompson, Houston, Terrell S. Mullins, Hallettsville, for appellant.

Macklin K. Johnson, Armond G. Schwartz, Hallettsville, for appellees.

## OPINION

YOUNG, Justice.

In this summary judgment case appellant, Donald R. Bering, sued the Republic Bank of San Antonio and Charles H. Leopold, appellees, to set aside a substitute trustee's sale held pursuant to a deed of trust. Both of the appellees filed motions for summary judgment which were granted. Bering appeals.

The record in this case reflects the following facts and events. On July 15, 1974, appellant Bering borrowed $17,000 from the Republic Bank to purchase 68.36 acres of land in Lavaca County, Texas. Appellant executed and delivered to the Bank his promissory note in the above amount, the repayment of which was secured by a vendor's lien and a deed of trust lien. James B. Stewart was named trustee, but the deed of trust provided for the appointment of a substitute trustee without other formality than the designation in writing.

The note matured on July 14, 1975, and remained unpaid. After several unsuccessful efforts by the Bank to collect, notice of a trustee's sale, to be held at the courthouse steps in Hallettsville, was posted for December 2, 1975, and written notice was given to appellant. The Bank subsequently caused to be cancelled such notice and sale at the request of appellant upon his representation that he would refinance the loan if given until January of 1976. Appellant did not tender the funds in January as promised, and Cecil Schenker, who had been appointed substitute trustee, posted notice of sale for January 6, 1976, between the hours of 10:00 a. m. and 4:00 p. m. in Hallettsville. Notice of such sale was also given to the appellant and his attorney.

On January 6, 1976, at approximately 1:00 p. m. Schenker as substitute trustee, talked with Clark Thompson, appellant's attorney in Houston, asking whether he had received cash for payment of the note. Thompson advised Schenker, who was then in Hallettsville with Jerry Angerman, president of the Bank, that the cash had not yet arrived. He did, though, ask that Schenker delay the sale until 3:00 p. m. Schenker advised Thompson that he would have to discuss the requested further delay with Angerman, and would then call Thompson. At approximately 1:30 p. m. Angerman called Thompson and advised that he would not agree to any further delay. The sale was held at approximately 2:00 p. m. on that day at the Lavaca County Courthouse in Hallettsville, Texas.

Appellee Leopold purchased the property for $21,000, such being the highest bid for cash. Schenker executed his substitute trustee's deed conveying the property, and Leopold filed the deed of record. Appellant filed this suit on February 6, 1976, seeking to set aside the above conveyance. Appel-

lees' motions for summary judgment were granted on November 7, 1977, from which action Bering appeals.

■ Appellant brings six points of error. Point 1 contends that the trial court committed error in granting the summary judgment because there was no valid appointment of the substitute trustee. We need not consider this contention, however, because the appellant did not plead facts which, if true, would have given rise to this defense, nor is the issue raised by any of the summary judgment evidence which was before the trial court. The issue cannot be raised for the first time on appeal. *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934, 936 (Tex.1972); *State of Cal. Dept. of M.Hyg. v. Bank of S.W. Nat. Ass'n*, 163 Tex. 314, 354 S.W.2d 576, 581 (1962). Appellant's point 1 is overruled.

Appellant's points 2, 3, 4 and 6 contend the trial court erred in granting the summary judgment because there existed issues of fact concerning the gross inadequacy of the price paid for the property at the trustee's sale coupled with the trustee's failure to postpone the sale until 3:00 p. m. on January 6, 1976. We disagree.

■ In his affidavit before the trial court, appellant Bering stated that the sale price of $21,000 was inadequate consideration for such property. He stated that in his opinion as a real estate salesman the property involved had a reasonable market value on January 6, 1976, of between $54,-400 and $68,000. While Bering's statements are sufficient to raise a fact issue as to the adequacy of the sale price; even so, mere inadequacy of consideration alone is not grounds for setting aside a trustee's sale. Or stated another way, our Supreme Court in *Am.Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex.1976) said:

"There must be evidence of irregularity, though slight, which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price"

■ Appellant contends further in that regard that the trustee had an obligation of fairness to both the mortgagor and the mortgagee, and that the trustee's failure to wait until 3:00 p. m. was such irregularity when coupled with the inadequacy of the price as to require a setting aside of the sale. See *First Federal Savings & Loan Ass'n of Dallas v. Sharp*, 359 S.W.2d 902 (Tex.1962). We find the trustee's failure to postpone the sale until 3:00 p. m. was not such an irregularity as would justify setting aside the trustee's sale herein. The evidence is conclusive that the trustee posted the proper notices, and advised the public that the sale would be held on January 6, 1976, between the hours of 10:00 a. m. and 4:00 p. m. Though the trustee had the right to sell the property at 10:00 a. m., he waited until 1:30 p. m. to find out whether appellant Bering had secured the funds necessary to compensate the mortgagee. Bering's attorney had not secured the money at 1:30 p. m. and the trustee rightfully decided to sell the property.

We also note that there is no indication in the record that Bering asked a representative to be present in Hallettsville for the sale. Furthermore, Thompson, to whom Bering was attempting to transfer the money, was located in Houston and the sale was in Hallettsville, which we judicially know is at least 100 miles from Houston. The deed of trust provided that the sale should be a "cash sale." In common ordinary popular acceptance a direction to sell for cash is a clear and unqualified direction not to sell or pass title to the goods without cash in hand. *First Federal Savings & Loan Association v. Sharp*, 347 S.W.2d 337, 340 (Tex.Civ.App.— Dallas 1961), affirmed, 359 S.W.2d 902 (Tex. 1962). Even if Thompson had secured the funds by 3:00 p. m. it would have been difficult, if not impossible, for him to travel the 100 miles from Houston to Hallettsville before the 4:00 p. m. sale deadline.

In light of the above discussion, we think the evidence is conclusive that Schenker's refusal to delay the sale presented no irregularity which, even if coupled with a purported inadequacy of price, would justify setting aside of the sale herein. *Biddle v.*

*National Oil Line Insurance Co.*, 513 S.W.2d 135, 138 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.); *Zeiss v. First State Bank*, 189 S.W. 524 (Tex.Civ.App.—Beaumont 1916, writ ref'd). See also *Sparkman v. McWhirter*, 263 S.W.2d 832 (Tex.Civ.App.—Dallas 1953, writ ref'd) wherein it was held that the pendency of negotiations to refinance a defaulted loan was not sufficient to set aside a trustee's sale. Appellant's points 2, 3, 4 and 6 are overruled.

Appellant's point 5 asserts that the trial court erred in granting the summary judgment because the inadequacy of the price coupled with appellant's tender (upon filing suit) of the full amount of the debt plus interest, and attorney's fees, constitutes grounds in equity for setting aside the trustee's sale.

We agree with appellant that inadequacy of price, standing alone, is sufficient to justify a court of equity in setting aside an execution sale when the judgment debtor makes a prompt offer to make the purchaser whole by returning his investment in the property and paying all costs. *Collum v. DeLoughter*, 535 S.W.2d 390, 393 (Tex. Civ.App.—Texarkana 1976, writ ref'd n. r. e.). The sale herein, however, was not an execution sale, but was one made under the authority of a deed of trust. Accordingly, appellant's point 5 is overruled.

There is yet another reason to affirm the trial court's judgment. The written judgment of the trial court recites, among other things, the following:

> ". . . and the court having considered the pleadings, *deposition*, and admissions on file, . . ." (Emphasis supplied).

Appellant has failed to bring forward on appeal the mentioned deposition, which appears to be the deposition of Clark Thompson, appellant's attorney. In the absence of the complete record considered by the trial court, the appellate presumption is that the omitted deposition established the propriety of the summary judgment rendered below. *Williams v. Mac Financial Corporation*, 505 S.W.2d 316, 319 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.