Myron SANDLER and Star Jewelry Company, Inc., Appellants,

v.

BUFKOR, INC. and Morley White, Appellees.

No. 01-83-0037-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 15, 1983.

Robert Vander Lyn and Sam Stolbun, Houston, for appellants.

Morley White, Candice Williams, Robert Freedman and Daniel Hedges, Houston, for appellees.

Before SMITH, COHEN and BASS, JJ.

## OPINION

BASS, Justice.

This is an appeal from a summary judgment awarding appellees recovery on a claimant's bond.

On January 15, 1975, in Cause No. 1,004,-115, out of the 113th District Court of Harris County, Texas, Bufkor, Inc. recovered a judgment against James T. Dolleslager individually and d/b/a Tavernier Jewelers. Bufkor proceeded to execute upon the assets of Dolleslager, which included a number of items of property on consignment from Star Jewelry Company, Inc. ("Star").

Star then filed a trial of right to property action pursuant to Tex.R.Civ.P. 717, in cause No. 1,004,115–A, claiming legal title to the consigned items. Star also filed a claimant's bond and replevied the goods pending resolution of the title dispute. The bond was made in the amount of $22,000, the value of the property covered by the bond, as appraised by the Sheriff of Harris County, Texas. By its terms, in the event Star failed to establish its right to the property, appellants and their surety bound themselves to pay the value of the property, interest, and all damages and costs awarded, unless Star returned the goods in the same condition as when received.

Although the trial court ruled in favor of Star, Bufkor appealed to the Ninth Court of Civil Appeals, which initially affirmed the decision of the trial court, but on motion for rehearing ordered the judgment reversed, the levy vacated, and the goods returned to Bufkor. *Bufkor, Inc. v. Star Jewelry Company, Inc.*, 552 S.W.2d 522 (Tex.Civ.App.-Beaumont 1977, writ ref'd n.r.e.).

Demand was made upon Star by Bufkor and Harris County Constable Walter Rankin for return of the items replevied. However, the writ of execution was returned unsatisfied, according to the statement on the return, because Star denied that it had in its possession any of the goods belonging to Bufkor, or that it was indebted to Bufkor in any amount for which execution could issue. Appellees then filed this action for enforcement of their rights under the claimant's bond.

In their motion for summary judgment to establish both appellants' liability on the claimant's bond and the amount of damages, appellees alleged that they had recovered a judgment against Dolleslager and Tavernier Jewelers, in Cause No. 1,004,115, and had executed upon Dolleslager's assets. They stated that Star had filed a trial of right to property action in Cause No. 1,004,-115–A, that Star had filed a claimant's bond, and that Star had replevied the assets to which it claimed title. Appellees further asserted Star had failed to establish its right to the property, and that the Ninth Court of Appeals had ordered the goods protected by the claimant's bond returned to Bufkor by Star. Appellees stated that return had been demanded, but that the writ of execution was returned unsatisfied, as nearly all of the goods protected by the bond had been sold prior to resolution of the title dispute.

Furthermore, appellees alleged that Star had not disputed the valuation made by the Sheriff or otherwise raised the issue of the true value of the goods protected by the claimant's bond at the trial of right to property. They contended that it was impossible to accurately determine the value of the items protected by the bond but no longer in Star's possession, and that as Star had shown itself unable to comply with the express terms of the bond, they were entitled to recover on the bond. They prayed for the face amount of the bond, interest, the statutory bond forfeiture penalty, attorneys' fees, and costs.

Summary judgment evidence included a copy of the claimant's bond, the judgment of the Ninth Court of Appeals and fact findings in Cause No. 1,004,115–A, a copy of the writ of execution and return, depositions of Myron and Barry Sandler, authorized representatives of Star, the affidavit of Morley White, appellees' trial attorney, and copies of bills for costs.

In their response to the motion, appellants contended that genuine issues of material fact existed "as appear from the pleadings and depositions on file and the affidavits submitted with this motion," regarding good faith tender, valuation of the replevied goods, and attorneys' fees, thereby precluding summary judgment. They further alleged that appellees had presented no competent summary judgment proof that the items replevied but no longer in Star's possession were incapable of valuation, as the affidavit of Morley White, relied upon by appellees, was that of an interested witness, was inconsistent with other evidence before the court, and merely directed the court's attention to two depositions, containing some 100 pages of testimony. Appellants also attacked appellees' affidavit regarding attorneys' fees on the basis that the affidavit included hearsay and failed to state that it was based on the affiant's personal knowledge.

Appellants introduced two controverting affidavits in support of their assertions. Affiant Myron Sandler alleged that the claimant's bond was in an amount considerably in excess of the value of the property Star had replevied. Sandler stated further that the missing items were capable of valuation, and that the highest wholesale price of the goods was only $3,094.00. Sandler alleged that he had repeatedly offered both the remainder of the goods in Star's possession and a check for $2,385.00 to appellees, which "when coupled with the return of the remaining items of replevied jewelry, represents a value in excess of $3,000.00." The affidavit of Robert J. Vander Lyn, a licensed attorney, alleged that appellees' requested attorneys' fees, amounting to almost $11,000.00, were excessive and unwarranted.

Summary judgment was filed December 1, 1982. The judgment recites that the court based its determination upon the pleadings, depositions on file, requests for admissions and admissions on file, interrogatories and answers to interrogatories on file, affidavits on file, testimony as to attorney's fees, and judicial notice of the facts found in Cause No. 1,004,115–A and of the opinion of the Court of Appeals for the Ninth District. The trial court found that neither Star nor Myron Sandler had all of the goods covered by the claimant's bond in their possession, and that they were therefore unable to comply with the mandate of the Ninth Court of Appeals. The court concluded that proper grounds existed for the granting of appellees' motion for summary judgment, and awarded damages including $22,000.00, the face amount of the claimant's bond, a statutory penalty of $2,200.00, interest, court costs and costs of collection, and attorneys fees.

Appellants raise three points of error on appeal. In their first point, they urge that the trial court erred in granting the motion for summary judgment because the depositions relied upon by appellees did not establish the absence of a fact issue regarding the impossibility of valuation of the missing items protected by the claimant's bond. They assert that appellees were required to present competent summary judgment evidence regarding the impossibility of valuation in order to be entitled to the full value

of the bond. Appellants assert that· they "reviewed both depositions and [found] no evidence whatsoever" to support appellees' contention that according to both Myron and Barry Sandler, it was impossible to accurately determine the value of the items in question without reviewing the actual items themselves.

Appellants further contend that the appellees' motion failed to comply with Tex.R. Civ.P. 166–A(c), in that it did not present or direct the trial court's attention to the specific summary judgment evidence relied upon. They urge that the reference to the depositions was not sufficiently tailored to enable them to lodge specific attacks on such testimony, relying upon *Boney v. Harris,* 557 S.W.2d 376 (Tex.Civ.App.—Houston [1st Dist] 1977, no writ), and *Moody v. Temple Nat. Bank,* 545 S.W.2d 289 (Tex.Civ. App. Austin 1977, no writ). These cases, however, do not support the appellants' position. In both *Boney* and *Moody,* the movant simply stated that "based on the pleadings, depositions, and interrogatories on file," there was either no genuine issue as to any material fact, or the movant was entitled to judgment as a matter of law.

As an initial matter, appellants have not brought forward in the record before this court the depositions referred to and relied upon by both parties and considered by the trial court in determining that summary judgment was warranted. Neither do we have before us the requests for admissions and admissions, the interrogatories and answers to interrogatories, the findings in Cause No. 1,004,115–A, or the testimony and stipulations introduced upon request of the parties as to attorneys' fees. As previously noted, the trial court based its determination, in part, on these items of evidence.

■ Appellants' failure to bring up the complete summary judgment record does not preclude review in every case, such as where the basis of the motion and the court's ruling granting it were on points of law under undisputed facts. *Gupta v. Ritter Homes, Inc.,* 633 S.W.2d 626 (Tex.App. —Houston [14th Dist.] 1982, aff'd in part,

rev'd in part on other grounds). However, in this case the facts were disputed, and the basis for appellant's attack on the sufficiency of the summary judgment evidence is precisely that appellees failed to establish the *absence* of a fact issue. Therefore, because the trial court based its summary judgment which, in part, on depositions which are not part of our record, we must presume that the omitted depositions established the propriety of the summary judgment rendered below. See *Williams v. Mac Financial Corporation,* 505 S.W.2d 316 (Tex. Civ.App.—Tyler 1973, writ ref'd n.r.e.); *Bering v. Republic Bank of San Antonio,* 581 S.W.2d 806 (Tex.Cov.App.—Corpus Christi 1979, writ ref'd n.r.e.).

■ In any event, appellees were not required to establish the impossibility of valuation of the missing items in order to be entitled to the full value of the bond. As appellees assert, appellants waived any objection they may have had during the trial of right to property as to the actual value of the goods covered by the claimant's bond, and the accuracy of the assessed valuation, by failing to raise the issue of valuation. See *Chapman v. Allen,* 15 Tex. 278 (1855); Tex.R.Civ.P. 719 (the amount of the bond may be disputed "in the court in which such [trial of right to property] suit is pending").

■ Having waived the right to establish that the property was of lesser value than that estimated by the officer fixing the amount of the bond, appellants became bound by the recitals of the assessed value appearing on the face of the bond they signed. *Wright v. Henderson* 12 Tex. 43 (1854); *Latham v. Selkirk,* 11 Tex. 314 (1854); *Ratcliff v. Hicks,* 23 Tex. 173 (1859); Tex.R.Civ.P. 720, 729. Once Star failed to establish its right to the property protected by the bond, appellees were entitled to judgment against appellants and their surety for the value of the property. Tex.R. Civ.P. 730. Although return of the property "in as good condition as he received it" operates as a satisfaction of the judgment, partial tender and an offer to pay for missing property does not constitute such satisfaction. See discussion and analysis in *Cox*

*v. Janes,* 141 S.W. 326 (Tex.Civ.App.—Austin 1911, no writ); Tex.R.Civ.P. 732. This is especially so where a "substantial part" of the goods are missing. *Cox,* at 327. Therefore, when appellees provided summary judgment evidence that the writ of execution was returned unsatisfied, that a substantial portion of the goods were missing, and that, as evidenced on the face of the claimant's bond, the value of the goods protected was $22,000.00, they were not required to establish also that the missing items were incapable of valuation.

Appellant's first point of error is overruled.

Appellants' second point of error, that appellees' evidence regarding valuation was totally controverted, and their third point of error, that they had established affirmative defenses relating to the amount of damages, and attorney's fees are similarly predicated upon valuation being at issue in the summary judgment proceeding. Moreover, again, the lack of a complete record precludes review.

Appellants do not discuss or cite authority in their brief on the issue of propriety of the attorney's fees awarded. As they have not properly presented the point of error on appeal, this court need not address it. See Tex.R.Civ.P. 418(e), 422. However, in light of the trial court's recital in its judgment that the parties agreed to allow the court to take testimony regarding reasonable attorney's fees, and in view of the fact that the parties made a stipulation in open court at that time, none of which evidence is before this court, it appears that this court cannot review the alleged point of error.

Appellants' second and third points of error are overruled.

By counterpoint appellees urge that appellants be assessed a ten percent penalty pursuant to rule 438 Tex.R.Civ.Pro., for bad faith in pursuing this appeal solely for delay. We cannot state that it "clearly appears" that at the time appeal was perfected there was "no reasonable ground to believe that judgment should be reversed."

This is particularly true since the entire record is not before this court. See *United General Ins. Exchange v. Brown,* 628 S.W.2d 505 (Tex.App.-Amarillo 1982, no writ); *Bengo v. Ceras,* 619 S.W.2d 293 (Tex. Civ.App.-Houston [1st Dist.] 1981, no writ).

The judgment of the trial court is affirmed.