Ricardo **CANTU** and Wife Anita Cantu, d/b/a Circle "C" Trucking, et al., Appellants,

v.

**WESTERN FIRE AND CASUALTY INSURANCE COMPANY, LTD.,** et al., Appellees.

No. 13–86–018–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 11, 1986.

Rehearing Denied Oct. 9, 1986.

Richard Arroyo, Brownsville, for appellants.

Leo C. Salzman, Harlingen, for appellees.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a partial summary judgment in a suit to recover insurance benefits for the loss of a truck. After the partial summary judgment was granted, the parties proceeded to trial on the insurance contract for the value of the truck. The resulting judgment based on the jury's verdict is not part of this appeal.

The undisputed facts are that on or about May 18, 1983, appellants' 1975 Ford dump truck was destroyed by fire. The truck was covered for fire loss by Western Fire and Casualty Insurance Company, Ltd. Appellants notified their insurance agent of the loss and demanded $16,846.00 to cover their losses; this included $15,000.00 for the truck, $1,746.00 for the rental of a replacement truck, and $100.00 attorney's fees. In the alternative, appellants sought a replacement truck, in lieu of the $15,000.00. Appellants were offered $6,000.00 in settlement of their claim, which was later increased to $6,800.00.

Appellants brought suit alleging that such low settlement offers constituted a breach of appellees' contractual obligation to act in good faith, conspiracy, tortious conduct which caused them to suffer emotional distress, negligence, violation of Article 3.62 and, Article 21.21, section 4(1) of the Insurance Code, and Board Order 18663, which prohibits violations of Article 21.21-2 of the Insurance Code, and which violations entitled them to recover damages under Section 17.50 of the Deceptive Trade Practices Act.

Appellants sought to recover their actual damages of $16,846.00, treble damages, a 12% penalty, up to $5,000,000.00 punitive damages, and attorney's fees.

After reviewing the pleadings and evidence, including admissions, affidavits, depositions, and interrogatories, the trial court ordered a partial summary judgment, dismissing all causes of action except a suit on the contract for the value of the truck and for attorney's fees. As a result of that suit appellants recovered $12,765.50 plus $8,000.00 attorney's fees. That action is not a part of this appeal.

When reviewing the granting of a motion for summary judgment, the appellate court must consider the summary judgment evidence that was before the trial court, in the light most favorable to the nonmovants, indulging every reasonable inference and resolving every doubt in their favor. *MMP, Ltd. v. Jones*, 710 S.W.2d 59 (Tex. 1986); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985). The summary judgment evidence considered by the trial court in the instant case included admissions, affidavits, numerous depositions, and interrogatories. Appellants have failed to bring forward on appeal any of the affidavits or depositions upon which the trial court based its judgment.

"In the absence of the complete record considered by the trial court, the presumption on appeal is that the omitted depositions [and affidavits] established the propriety of the summary judgment rendered below." *Castillo v. Sears, Roebuck & Co.*, 663 S.W.2d 60, 63 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Bering v. Republic Bank*, 581 S.W.2d 806, 809 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

■ However, where the basis of the motion and the court's ruling granting it were on points of law under undisputed facts, appellate review is not precluded. *Segrest v. Segrest*, 649 S.W.2d 610 (Tex. 1983); *Sandler v. Bufkor, Inc.*, 658 S.W.2d 289, 292 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Gupta v. Ritter Homes, Inc.*, 633 S.W.2d 626, 628 (Tex.App.—Houston [14th Dist.] 1982), *aff'd in part, rev'd in part*, 646 S.W.2d 168 (Tex.1983).

The motion and presumably the judgment which merely sustains the motion, were based on points of law. However,

only the above-recited facts are undisputed. In support of their claims, appellants also alleged that appellees failed to properly and promptly investigate their claim, failed to secure a substitute vehicle to mitigate damages, failed to forward the amount offered in settlement, failed to provide them with an explanation for the basis of its offer, made an offer which "misrepresented the benefits" of the policy, and by such offer compelled them to institute this suit.

The limited summary judgment evidence brought forward on appeal consists of answers to interrogatories and admissions which reveal such matters as the names and addresses of witnesses, location of evidence, hourly rate for attorney's fees, the promissory note and title held by San Benito Bank, and that witness Bob Stewardson would testify that the truck's value was $6,800.00 and the basis for such valuation.

Based on the summary judgment evidence before us, and guided by the rules enumerated above, we shall endeavor to address appellants' three points of error on matters of law where possible.

■ Appellants' first point of error contends that the trial court erred in dismissing their causes of action based on tort and the breach of a contractual obligation to deal in good faith. Appellants alleged in their sixth amended original petition that appellee, Western:

> had a contractual obligation to act in good faith toward the Plaintiffs, and the offer of such low amounts constituted a breach of contract and tortious conduct and that such offers were of such outrageous and fraudulent character that Defendant's representatives knew or should have known that such would inflict emotional distress on Plaintiffs, and Plaintiffs did in fact suffer emotional distress.

The Texas Supreme Court, in *English v. Fischer*, 660 S.W.2d 521 (Tex.1983), addressing a suit on a fire insurance policy, stated that there is no implied covenant or duty of good faith and fair dealing in contracts. The Court explained:

A basis for the judgments below was the adoption of a novel theory of law enunciated only by California courts. That theory holds that in every contract there is an implied covenant that neither party will do anything which injures the right of the other party to receive the benefits of the agreement. The courts below call this a covenant of "good faith and fair dealing."

This concept is contrary to our well-reasoned and long-established adversary system which has served us ably in Texas for almost 150 years. Our system permits parties who have a dispute over a contract to present their case to an impartial tribunal for a determination of the agreement as made by the parties and embodied in the contract itself. To adopt the laudatory sounding theory of "good faith and fair dealing" would place a party under the onerous threat of treble damages should he seek to compel his adversary to perform according to the contract terms as agreed upon by the parties. The novel concept advocated by the courts below would abolish our system of government according to settled rules of law and let each case be decided upon what might seem "fair and in good faith," by each fact finder. This we are unwilling to do.

*Id.* at 522.

There is no evidence of an explicit covenant to act in good faith. The trial court did not err in dismissing the action based on breach of a contractual duty.

■ As to appellants' assertion of a cause of action in tort, in the absence of summary judgment evidence, we are unable to say that the trial court erred in dismissing the tort cause of action. *Castillo*, 663 S.W.2d at 63. Appellants' first point of error is overruled.

■ Appellants' second point of error alleges that the trial court erred in dismissing their 12% remedy pursuant to Article 3.62 of the Insurance Code. Article 3.62 provides that:

In all cases where a loss occurs and the *life insurance company,* or *accident insurance company,* or *life and accident, health and accident, or life, health and accident insurance company* liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case. The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy.

TEX.INS.CODE ANN. art. 3.62 (Vernon 1981) (emphasis added).

Article 3.01 of the Insurance Code defines the various types of insurance companies covered by this statute:

Section 1. *A life insurance company* shall be deemed to be a corporation doing business under any charter involving the payment of money or other thing of value, conditioned on the continuance or cessation of *human life,* or involving an insurance, guaranty, contract or pledge for the payment of endowments or annuities.

Sec. 2. *An accident insurance company* shall be deemed to be a corporation doing business under any charter involving the payment of money or other thing of value, conditioned upon the *injury, disablement or death of persons* resulting from traveling or general accidents by land or water.

Sec. 3. *A health insurance company* shall be deemed to be a corporation doing business under any charter involving the payment of any amount of money, or other thing of value, conditioned upon loss by reason of disability *due to sickness or ill-health.*

TEX.INS.CODE ANN. art. 3.01 (Vernon 1981) (emphasis added). Western Fire &

Casualty Insurance Company, Ltd. operates in Texas as an "Excess and Surplus Lines" insurer under the provisions of Article 1.14–2 of the Insurance Code.

However, it is not the type of carrier, but the distinctive type of loss which controls the applicability of Article 3.62. *Bybee v. Fireman's Fund Insurance Co.*, 331 S.W.2d 910 (Tex.1960); *American Indemnity Co. v. Garcia*, 398 S.W.2d 146 (Tex. Civ.App.—San Antonio 1965, writ ref'd n.r. e.). The nature of loss covered under Article 3.62 is death, disability or injury to persons, not damage to property. Appellants sued to recover property damage benefits for the loss of their dump truck. Such a loss is not one anticipated or covered by the provisions of Article 3.62. Appellants' second point of error is overruled.

■ Appellants' third point of error alleges that the trial court erred in dismissing their causes of action based on Article 21.21, section 4(1) of the Insurance Code, and the Deceptive Trade Practices Act.

Appellants alleged that the following acts by appellee constituted violations of Article 21.21, section 4(1), Board Order 18663 which prohibits violations of Article 21.21B of the Insurance Code, and Section 17.50 of the Deceptive Trade Practices Act:

a. failure to properly and promptly investigate the claim, that is, the value of the Truck to the Plaintiff;

b. making offers of settlement which were unreasonable;

c. failing to secure a substitute vehicle in order to mitigate Plaintiffs' damages;

d. failing to forward to Plaintiffs the amount it claimed was owed Plaintiffs in order to mitigate Plaintiffs' damages.

Appellant's cause of action under the Deceptive Trade Practices Act is based on the provisions of Section 17.50(a)(4): "The use or employment by any person of an act or practice in violation of Art. 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21...." TEX.

BUS. & COM.CODE ANN. § 17.50(a)(4) (Vernon Supp.1986). The specific violation of Article 21.21 alleged by appellants was that Western was guilty of making an offer which "misrepresented the benefits of the policy" to appellants. Article 21.21, section 4(1) provides:

(1) Misrepresentations and False Advertising of Policy Contracts. Making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby or the dividends or share of the surplus to be received thereon, or making any false or misleading statements as to the dividends or share of surplus previously paid on similar policies, or making any misleading representation or any misrepresentation as to the financial condition of any insurer, or as to the legal reserve system upon which any life insurer operates, or using any name or title of any policy or class of policies misrepresenting the true nature thereof, or making any misrepresentation to any policyholder insured in any company for the purpose of inducing or tending to induce any policyholder to lapse, forfeit, or surrender his insurance;

TEX.INS.CODE ANN. art. 21.21, section 4(1) (Vernon 1981).

Neither the policy, nor the evidence of representations or alleged misrepresentations has been made a part of the record on appeal. We must assume that the briefs and affidavits considered by the trial court established the propriety of the dismissal of this cause of action. *Castillo v. Sears, Roebuck & Co.*, 663 S.W.2d at 63; *Bering v. Republic Bank of San Antonio*, 581 S.W.2d at 809.

■ Additionally, we note that no private cause of action exists under article 21.21–2 of the Insurance Code. This section authorizes the State Board of Insurance to investigate and impose sanctions, but it does not give individuals a private cause of action. *Texas Farm Bureau Mutual Insurance Co. v. Vail*, 695 S.W.2d

692, 695 (Tex.App.—Dallas 1985, no writ); *State Farm Mutual Automobile Insurance Co. v. Clark,* 694 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ); *Lone Star Life Insurance Co. v. Griffin,* 574 S.W.2d 576 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.); TEX.INS.CODE ANN. art. 21.21–2 (Vernon 1981).

Appellants' third point of error is overruled. The judgment of the trial court is affirmed.