## The GREAT GLOBAL ASSURANCE COMPANY, Appellant,

v.

## Raymond E. McFARLIN, Appellee.

### No. 09 86 164 CV.

Court of Appeals of Texas, Beaumont.

March 5, 1987.

Rehearing Denied March 23, 1987.

Phillip W. Gilbert, Riddle & Brown, Dallas, for appellant.

Joel Grossman, Waldman, Smallwood & Grossman, Beaumont, for appellee.

OPINION

DIES, Chief Justice.

The appellant, The Great Global Assurance Company, is an Arizona company. It issued plaintiff below, appellee herein, a livestock mortality policy on a horse named "Nordic Empress", effective from August 9, 1984 to August 9, 1985. The limit of appellant's policy, which is the amount appellee paid for the horse, was $45,000. The horse died on August 21, 1984. Proof of loss was submitted to appellant by appellee, but the former failed to respond. A lawsuit followed in Hardin County. Judgment followed, which stated, inter alia,

> "Be it remembered that this action came on regularly for trial at the regular term of Court, April 7, 1986, and the jury having been waived, Joel Grossman appeared as attorney for plaintiff; and even though notified of the trial setting,

the defendant failed to appear at the trial of this cause...."

The judgment rendered against appellant was for $45,000, attorney's fees of $18,000, plus damages of 12 percent on the judgment ($5,400), plus interest of 10 percent on the judgment until paid. The judgment was signed and entered on the 12th of May, 1986. The insurance company has perfected appeal to this court. In this opinion the parties will be referred to as appellant and appellee.

Appellant's first point of error states:

"The Trial Court abused its discretion in denying Appellant's Motion for New Trial, since Appellant had not received notice of the trial setting of this case."

In addition to the recitation in the judgment that appellant was notified of the trial setting, we have a statement of facts in our record.

Mr. Frank Barclay, the court coordinator, was asked:

"Mr. Barclay, did you send out a notice to Mr. Russell Schell [appellant's attorney] in Cause No. 27,313, Raymond E. McFarlin vs. The Great Global Assurance Company of a trial setting April the 7, 1986, for 8:30 on that date of April 7, 1986?"

To which he answered:

"Yes, sir, I did to Russell W. Schell."

He testified he placed the notice in the United States mail on March 7, 1986, and that this was in accordance with the local rules of the 88th District Court of Hardin County. It seems to us that this, then, certainly complied with *TEX.R.CIV.P. 21a*, Notice.[1]

This point of error is overruled.

Appellant's second point of error states:

"The Trial Court abused its discretion in denying Appellant's Motion for New Trial, since Appellant had met the requirements of the *Craddock* test."

Its third point which it groups with its second is:

"The Trial Court abused its discretion in denying Appellant's Motion for New Trial since the Judgment did not give full faith and credit nor afford comity to the stay order of the court of a sister state."

First, *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (Com. App.1939), was dealing with a *default judgment* where the defendant admittedly had no notice of the lawsuit. Not so here. The appellant filed an answer to appellee's petition in the District Court. We are considering *notification of a trial setting* after proper service of citation. If appellant's attorney, after investigation, was dissatisfied with the 88th District Court's procedure for such notification, he could have made any other arrangements he wished, such as a collect call from the District Clerk's office, a local attorney, or for that matter, we believe, a simple request from him of a collect telephone call from appellee's attorney would have been faithfully honored.

■ As to the comity argument in point of error number three, the decree is from the "Superior Court of Arizona in and for the County of Maricopa." It is not a bankruptcy but an order appointing a receiver directing the Arizona Director of Insurance "to rehabilitate the business of Great Global Assurance Company...."

The injunctive clauses designed to discontinue or enforce any suit proceeding against appellant certainly could by no stretch of the imagination be binding on the 88th District Court of Hardin County, Texas, until and unless the latter had notice of it, if then. *See generally*, 44 TEX. JUR.3d *Injunctions* sec. 116, at 601, et seq. (1985). This Arizona decree was not made known to the Texas court until several weeks after the Texas trial on April 7, 1986. Appellant's counsel states the reason for this thusly:

"Counsel for this Defendant prepared a notification of the rehabilitative receivership which was to have been filed in this court, a copy of which is attached as direct."

---

1. In part stating, "or it may be given in such other manner as the court in its discretion may

Exhibit 'A,' but the undersigned counsel was unable to file same because the Defendant did not furnisd [sic] a copy of the order as requested by counsel on numerous occasions."

These points of error are overruled.

■ Appellant's final two points of error complain of the court's award of 12 percent damages, and attorney's fees as provided in *TEX.INS.CODE ANN. art. 3.62* (Vernon 1981).

A recent case, *Cantu v. Western Fire & Cas. Ins. Co., Ltd.*, 716 S.W.2d 737, 741 (Tex.App.—Corpus Christi 1986, no writ), had this to say about Art. 3.62 of the Insurance Code:

"However, it is not the type of carrier, but the distinctive type of loss which controls the applicability of Article 3.62. *Bybee v. Fireman's Fund Insurance Co.*, 160 Tex. 429, 331 S.W.2d 910 (1960); *American Indemnity Co. v. Garcia*, 398 S.W.2d 146 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.). The nature of loss covered under Article 3.62 is death, disability or injury *to persons, not damage to property.* Appellants sued to recover property damage benefits for the loss of their dump truck. Such a loss is not one anticipated or covered by the provisions of Article 3.62."

We are convinced the Corpus Christi court is correct in this, so we sustain these points of error.

If, within 10 days of the date of this opinion, appellee will file a remittitur of that portion of the judgment awarding attorney's fees and 12 percent damages, this appeal will be affirmed; otherwise, it will be reversed and remanded.

Affirmed, conditionally.