Opinion issued July 14, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00454-CV

_____

**ADRIENE SIBLEY, Appellant**

**V.**

**CHARLES BERNARD ROBINSON, INDIVIDUALLY, AND IN HIS CAPACITY AS REPRESENTATIVE THROUGH HIS POWER OF ATTORNEY FOR ELMIRA HEMPHILL, JOANN RANDLE, MARY ELLEN PHILLIPS, RUTH MAE ROBINETTE, AND CAROLYN JEAN ROBINSON, Appellees**

On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Case No. 64749

# MEMORANDUM OPINION

Appellant Adriene Sibley appeals from the trial court's order granting summary judgment in favor of appellees Charles Bernard Robinson, Elmira Hemphill, Joann Randle, Mary Ellen Phillips, Ruth Mae Robinette, and Carolyn Jean Robinson on appellees' suit for partition of property. In several issues, Sibley contends that the trial court erred in granting summary judgment because (1) appellees lacked standing to assert a claim for partition; (2) the motion does not satisfy the requirements of Rule 166a(c); (3) the motion is unsupported by evidence showing appellees were co-owners of the property or that an informal agreement existed between the parties; (4) the judgment does not conform to the pleadings; (5) the judgment is based on an agreement that is void under the statute of frauds; and (6) the judgment is void due to fraud upon the court. We reverse and remand.

## Background

On August 31, 2011, appellees filed a petition requesting that the court partition a portion of a tract of land located in Brazoria County.[1] In their petition, appellees alleged that they were co-owners of the unpartitioned portion with Joel Ross, Sibley, Ora Mae Kennedy, Winston Rossow, Kimberly Dorsey, and LaJuanda Denny. On October 5, 2011, appellees filed a supplemental petition adding Sibley as a defendant.

---

[1] This 16-acre tract of land is described as "Tract 10 of Division 18 of the Stephen F. Austin 7-1/3 Leagues Grant, Abstract 20, Brazoria County, Texas."

Kennedy, Rossow, Dorset, and Denny were served with the petition but did not file an answer. On December 2, 2011, Sibley, acting pro se, filed an answer and counterclaim.

On May 22, 2012, appellees served Kennedy, Rossow, Dorsey, Denny, and Sibley with plaintiffs' first requests for admissions, first set of interrogatories, and first requests for production. None of the defendants, including Sibley, filed an answer or responded to plaintiffs' discovery requests.

On July 2, 2013, appellees filed motions for interlocutory default judgment against Kennedy, Rossow, Dorsey, and Denny based upon their failure to file an answer. On July 22, 2013, the trial court granted the motions.

On August 21, 2013, appellees filed an application for citation by publication for Ross and the trial court appointed an attorney ad litem to represent him. Ross subsequently filed an answer. Appellees served Ross with discovery requests which Ross answered. On December 3, 2013, appellees filed a motion to compel complaining that Ross's responses were incomplete and asking that Ross be required to fully respond to the requests. The trial court granted the motion and ordered Ross to respond to the discovery requests and to appear before the court on February 10, 2014, to confirm his compliance with the order. Ross failed to appear.

3

On February 12, 2014, appellees filed a motion to deem admissions requested admitted as well as a motion for summary judgment. Sibley filed her summary judgment response. On May 27, 2014, the trial court granted appellees' motion to deem admissions and motion for summary judgment. Sibley timely filed this appeal.

## Standard of Review

We review a trial court's ruling on a summary judgment motion de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To prevail on a traditional summary judgment motion, the movant bears the burden of proving that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a plaintiff moves for summary judgment, it must prove that it is entitled to summary judgment as a matter of law on each element of its causes of action. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam); *Action Towing, Inc. v. Mint Leasing, Inc.*, 451 S.W.3d 525, 529–30 (Tex. App.—Houston [1st Dist.] 2014 no pet.).

If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (stating that summary

4

judgment evidence raises fact issue if "reasonable and fair-minded jurors could differ in their conclusions in light of all evidence presented"). In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)); *Action Towing, Inc.*, 451 S.W.3d at 530.

## Discussion

In her second issue, Sibley contends that the trial court erred in granting summary judgment in favor of appellees because their motion failed to state the specific grounds upon which they sought summary judgment.

Rule of Civil Procedure 166a(c) requires that a motion for summary judgment "state the specific grounds therefor," and judgment will be rendered if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." TEX. R. CIV. P. 166a(c). Thus, "[a] motion for summary judgment must itself expressly present the grounds upon which it is made [and] . . . . must stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).

Appellees' summary judgment motion states, in pertinent part:

5

The grounds of this request are that . . . any defense set forth in Defendant's, Adriene Sibley's and Joel Ross's, original answers are insufficient as a matter of law; that there is no genuine issue as to any material fact; and that the plaintiff is entitled to judgment as a matter of law.

Citing to this Court's decision in *Boney v. Harris*, Sibley argues that appellees' motion is insufficient under Rule 166a(c) and cannot support summary judgment. *See Boney*, 557 S.W.2d 376, 378 (Tex. App.—Houston [1st Dist.] 1977, no writ). In *Boney*, we concluded that the trial court erred in granting summary judgment for the plaintiff because his summary judgment motion did not state any specific grounds upon which it was based and, in failing to do so, did not comply with Rule 166a(c). *See id.*; *see also McConnell*, 858 S.W.2d at 339 (noting that *Boney* considered the language of Rule 166a(c) "when the motion for summary judgment presented no grounds"). There, the plaintiff's motion asserted that the defendants' answer was

> insufficient in law to constitute a defense to Plaintiff's cause of action; that as shown by the pleadings, together with depositions, admissions and affidavits, if any, on file herein, there is no genuine issue as to any material fact between the parties herein, and by reason thereof the Plaintiff is entitled to a judgment against both Defendants . . . as a matter of law as prayed for by Plaintiff.

*Id.* The language in *Boney* is substantially similar to the language in appellees' motion in this case.

Appellees, however, contend that their motion was sufficiently specific to support summary judgment. In particular, they argue that their asserted grounds

6

are dispersed throughout the motion and that, in addition to the quoted portion above from paragraph one of their motion, they sought summary judgment based on the additional grounds contained in paragraphs two through four below:

> 2. That on June 27, 2012, Defendant[] . . . Adriene Sibley . . . was served with Request for Admissions in this action by Plaintiffs, and the Defendant[] Adriene Sibley . . . failed to serve answers or objections to the said Requests within the time designated therein or within any longer period of time ordered by the Court.
>
> 3. That on October 4, 2013, Defendant, Joel Ross, was served with Request for Admissions in this action by Plaintiffs, and the Defendant, Joel Ross, served answers or objections to the said Requests within the time designated therein.
>
> 4. That on January 27, 2014, this Court heard Plaintiff's Motion to Compel Responses to Plaintiff's First Request for Admissions, First Set of Interrogatories, and First Request for Production, and this Court entered an order compelling the Defendant, Joel Ross, to appear before this Court on or before February 10, 2014, and report that the order had been complied with in total or show cause why he should not be held in contempt. The Defendant, Joes Ross, has failed to report to this court and has failed to amend his responses to discovery requests.

Appellees' argument is unavailing. None of these paragraphs specify a ground for summary judgment; rather they merely allege that Sibley and Ross failed to answer appellees' requests for admission and other discovery requests. Further, paragraphs three and four pertain only to Ross and make no mention of Sibley. The only ground asserted in appellees' motion—that any defense set forth in Sibley's answer was insufficient as a matter of law—is insufficient to support summary judgment. *See Boney*, 557 S.W.2d at 378. Because appellees' motion

7

did not comport with Rule 166a(c), the trial court erred in granting summary judgment in favor of appellees.  We sustain Sibley's second issue.[2]

## Conclusion

We reverse and remand the trial court's judgment for proceedings consistent with this opinion.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.

---

[2]     In light of our disposition, we do not reach Sibley's remaining issues.  *See* TEX. R. APP. P. 47.1.