## THOMPSON v. GANDY.
### No. 2238.

Court of Civil Appeals of Texas. Eastland.

Feb. 20, 1942.

Rehearing Denied March 20, 1942.

Harrell & Bowers, of Breckenridge, for appellant.

Ben J. Dean and L. D. Hawkins, both of Breckenridge, for appellee.

FUNDERBURK, Justice.

The statement of the nature of the case made by counsel for appellant is both commendably brief and sufficiently comprehensive. We adopt it as follows:

"This is a suit upon a promissory note. Dalton Gandy brought this suit in Stephens County against Eugene Thompson for the balance due upon a note for $1964.74, dated July 19, 1932, executed by Lewis Whisenant and Eugene Thompson, payable to J. E. Granberry, Guardian. This note was alleged to be a renewal of a note for $3900 dated January 29, 1929, executed by the same parties to the same payee. Dalton Gandy was a minor until September, 1939, when his disabilities were removed, and J. E. Granberry was his guardian until his death in August, 1932, after which Lucile O'Brien acted as his guardian until her discharge in July, 1940.

"Lewis Whisenant was not made a party upon an allegation that he was actually and notoriously insolvent. The defendant, Thompson, defended upon the ground that he was an accommodation party for Whisenant, and that the note was given as collateral security for other obligations of Whisenant, and therefore it was without consideration.

"A trial before a jury, upon special issues, resulted in findings: (a) That Thompson received money for executing the $3900 note, (b) that Granberry, guardian, loaned the money to Whisenant upon the faith of Thompson's signature on the $3900 note, and (c) that the $3900 note was not executed for the sole purpose of securing other obligations of Whisenant.

Judgment was rendered for plaintiff for $1318.44. The motion for new trial was overruled and in due time Thompson perfected his appeal."

The first ground of error is based upon the contention that the undisputed evidence showed that the note sued on was without consideration. The note purports to be signed by Eugene Thompson (and Lewis Whisenant) and sets forth the joint and several promise of the signers to pay $1,964.74 to the order of J. E. Granberry, guardian. Plaintiff's ownership of the note was not in question. In law the note, a negotiable instrument, imports a consideration. R.S. 1925, Art. 5933, sec. 24. It was undisputed that the note was a renewal by the same makers of the note for $3,900 first described in plaintiff's petition. As such, it effected an extension of time in which to pay the amount originally promised to be paid. Said first note, as did the second, imported consideration and therefore the latter shows in addition to such imported original consideration a further consideration consisting of an extension of the time in which to pay the balance of the sum originally promised to be paid.

■■ The note importing a consideration, appellant had the burden of proving want of consideration. He joined the issue by his sworn denial, but failed to prove there was no consideration. On the contrary, he affirmatively proved there was a consideration. He testified to the effect that in consideration of the execution of the first note for $3,900. Granberry, the guardian and payee, loaned Whisenant $3,900. On the question of want of consideration it makes no difference which of the two promisors got the money, or, for that matter, whether either of them got it, or any part of it. The material inquiry, where the issue is raised, is whether the promisee of the payment which the signers promised to make, made a loan to somebody in consideration of the execution of the note by the parties signing it. In Union Central Life Ins. Co. v. Roach, Tex.Civ.App., 106 S. W.2d 374, 377, the position of the loan company was analogous to that of the guardian in this case, and that of Grantham to appellee. In that case, Judge Alexander well said: "If the loan company was caused to part with its money on the faith of the note signed by Grantham, there was consideration for the contract, even though Grantham received no part of the money so advanced by the loan company."

Whether as between themselves one of the purported joint makers of the note was principal and the other surety, or whether one signed, without consideration moving to him personally for the accommodation of the other, however material upon some questions that might arise, are believed to be immaterial upon the question of whether there was no consideration sufficient to support the promise of either or both of the note signers as a legal obligation. The consideration supporting the promise of either of the two was at the same time sufficient to support the promise of the other.

In his brief appellant makes the following statement: "There were three notes involved in this suit, all of them dated July 19, 1932. One was for $929.36, executed by H. H. Chambers and indorsed by Lewis Whisenant. One was for $1035.38, executed by Lewis Whisenant and indorsed by W. P. Woods. And the third was for $1964.74, executed by Lewis Whisenant and Eugene Thompson. The sum of the first two equals the amount of the last. It is admitted that $1964.74 was the amount due appellee at the time the notes were executed. Mrs. O'Brien testified that $1964.74 was all that was due her ward and that he was not entitled to collect both sets of notes. The Chambers note for $929.36 was paid."

■ It is argued in effect that since according to the three notes the total amount promised to be paid was exactly twice the amount of the unpaid loan from the guardian to Whisenant, therefore, the $1,964.74 note of appellant (and Whisenant) was collateral to the other two notes, or the other two notes were collateral to the $1964.74 note, and that of these alternatives the proper conclusion is that "it appears, as a matter of law, that the two notes [smaller notes] represented the debt [unpaid balance of original loan] and that the note sued on was a collateral note to them and was therefore without consideration." It appears conclusively that Granberry, the guardian, loaned $3,900 of his ward's funds to Lewis Whisenant. Appellant by the note in suit promised to pay the whole amount of such loan. It makes no difference, so far as we can see, that other parties by other notes may have promised also to pay the whole amount of said loan. One such promise would, for that reason, possess none of the characteristics of collateral security for another. The only note of the three involved that could have been collateral security for either of the others was the note of Cham-

bers to Whisenant, indorsed by the latter to the guardian. If that note was indorsed to the guardian as collateral security for either or both of the others, the fact is unimportant, since it was collected or discharged and credited to the extent of $807 upon the note in suit.

We do not understand that it is contended that the note of Whisenant (indorsed by Wood) payable to the guardian has been paid. If it has and the amount of such payment, in addition to the credits acknowledged or proved, equals the amount of the note in suit, appellant would have the right to be relieved of his promise to pay. Not, however, because his promise was collateral, but because the debt has already been paid. Under no proper view, we think, would his exemption, if any, from liability result from any want of consideration to support his promise.

These conclusions, we think, have the effect of showing that all other points urged by appellant are either rendered immaterial or are untenable and justify our overruling same without further discussion. Under the view we take of the case, the judgment rendered was the only judgment which properly could have been rendered under the undisputed evidence.

It is, therefore, our conclusion that the judgment should be affirmed, and it is accordingly so ordered.