**David MOODY, Appellant,**

v.

**TEMPLE NATIONAL BANK et al., Appellees.**

**No. 12489.**

Court of Civil Appeals of Texas, Austin.

Jan. 5, 1977.

Kevin Holcomb, Watkins, Ledbetter & Ramsey, Austin, for appellant.

Jerry Secrest, Daniel, Tarver & Secrest, Temple, for appellees.

SHANNON, Justice.

Appellant, David Moody, filed suit in the district court of Bell County against Grady Tindle and appellees Temple National Bank and its employees, Bill Vanicek and Louis Robinson. The district court granted appellees' motion for summary judgment. We will reverse the judgment and remand the cause to district court.

Appellant claims, among other things, that the judgment should be reversed because appellees' motion for summary judgment failed to state the specific grounds therefor as required by Tex.R.Civ.P. 166–A(c).

The pertinent part of the motion for summary judgment reads as follows:

"Except as to the issue of damages, there is no genuine issue as to any mate-rial fact and that the pleadings, depositions and interrogatories on file herein show that these Defendants, the moving parties, are entitled to a Judgment that the Plaintiff, DAVID MOODY, take nothing as against these Defendants, TEMPLE NATIONAL BANK, BILL VANICEK and LOUIE [*sic*] ROBINSON, as a matter of law."

Prior to its amendment, Rule 166–A(c) did not require that a motion for summary judgment set out the grounds upon which it was based. But in 1971 Rule 166–A(c) was amended to require that "The motion for summary judgment shall state the specific grounds therefor."

■ The right to summary judgment exists only by virtue of Rule 166–A. To be entitled to a summary judgment a party must strictly comply with the provisions of Rule 166–A. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958), *Gardner v. Martin,* 162 Tex. 156, 345 S.W.2d 274 (1961).

■ An examination of appellees' motion shows it to be in the form usually employed prior to the 1971 amendment of Rule 166–A(c). The motion, however, does not state any grounds, specific or otherwise, upon which it is based, and, as a result, it is not in compliance with Rule 166–A(c) as amended. See *Mallory v. Dorothy Prinzhorn Real Estate,* 535 S.W.2d 371 (Tex.Civ.App.1976, no writ).

The judgment is reversed and the cause is remanded to the district court.