**Manuel AMAYA, Jr., Appellant,**

v.

**FIRST STATE BANK OF SAN DIEGO, Appellee.**

**No. 16047.**

Court of Civil Appeals of Texas, San Antonio.

July 19, 1978.

Chase & House, Corpus Christi, for appellant.

Lloyd, Ellzey & Lloyd, Alice, for appellee.

MURRAY, Justice.

This appeal involves a suit on a promissory note in the amount of $6,000, executed on March 18, 1975, by Manuel Amaya, Jr., appellant, to First State Bank of San Diego, appellee, with a counterclaim by appellant alleging usury. It is undisputed that the $6,000 note was executed to renew other notes owed by appellant to appellee and appellant's claim of usury involves one of these notes. After a trial before the court, without a jury, judgment was entered in favor of appellee on the $6,000 note and appellant has perfected an appeal to this court.

Appellant's one point of error on appeal is, "The trial court erred in failing to credit the offset of the Appellant on the renewal note sued upon by Appellee; the consideration having failed because of the usurious prior interest which culminated in the renewal of the $6,000 note sued upon by the Appellee."

■ The record shows that the $6,000 note was a renewal note and therefore the burden of proof was on appellant to show failure of consideration. *Thompson v. Gandy*, 160 S.W.2d 113 (Tex.Civ.App.—Eastland 1942, writ ref'd). In *Thompson, supra*, the note in question was a renewal note. The court held that a renewal note imports consideration. The court said at page 114:

It was undisputed that the note was a renewal by the same makers of the note for $3,900 first described in plaintiff's petition. As such, it effected an extension of time in which to pay the amount originally promised to be paid. Said first note, as did the second, imported consideration and therefore the latter shows in addition to such imported original consideration a further consideration consisting of an extension of the time in which to pay the balance of the sum originally promised to be paid.

The note importing a consideration, appellant had the burden of proving want of consideration. He joined the issue by his sworn denial, but failed to prove there was no consideration.

# 96

The appellant also had the burden of proving that the prior note was usurious. *Mays v. Pierce*, 281 S.W.2d 79 (Tex.1955). In 58 Tex.Jur.2d *Usury* § 73 (1964), the rule is stated as follows:

> There is a presumption that a transaction that involves the payment of interest is legal and untainted with usury, and also, that a borrower has received the entire amount of the principal called for in any note executed by him. One who claims that a transaction is usurious has, therefore, the burden of establishing his contention.

The one prior note that appellant claims to be usurious is reflected in the evidence by a ledger sheet of the appellee. The allowable interest on this prior loan is controlled by Tex.Rev.Civ.Stat.Ann. art. 5069–4.01 (1971), which provides as follows:

> Any bank, savings and loan association or credit union doing business under the laws of this State or of the United States, and any person licensed to do business under the provisions of Chapter 3 of this Subtitle relating to regulated loans may contract for and receive on any loan made under the authority of this Chapter repayable in consecutive monthly installments, substantially equal in amount, an add-on interest charge of Eight Dollars per One Hundred Dollars per annum for the full term of the loan contract.

The ledger sheet shows the date of this prior loan was April 16, 1970, and the maturity date was April 1972, it being a 24-month contract. The interest to be charged is eight per cent add-on and the total interest, if the contract had run its full term, would be $1,139.04. The ledger sheet shows thirteen transactions and it shows the date on which each occurred and for each transaction there is a code number showing the nature of the transaction. Eleven of these transactions have the code number 2, one has the code number 5 and one has the code number 0. An officer of the bank was on the witness stand and was not asked by appellant or appellee what the code numbers meant. It was not the burden of appellee to explain the ledger sheet. Appellant called one expert witness, a C.P.A., who testified relative to the ledger sheet and who made a computation of simple interest. This witness made no effort to compute whether or not the ledger sheets showed interest in excess of the eight per cent add-on interest allowed by the Statute. This witness testified that he could not identify the code numbers 5 and 0. Appellant himself testified that he did not remember how much money he had paid on this note or how much money he had received in rebate. Since eight per cent add-on interest is the allowable amount, as clearly specified by the statute, and as admitted by appellant, the computation of simple interest is of no use in determining whether or not usury was involved. Appellant has failed to meet his burden of proof.

The judgment of the trial court is affirmed.