G.D. ROBINSON, Appellant,

v.

Ellis RUDY, Appellee.

No. 01–83–0453–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 17, 1983.

Rehearing Denied Jan. 5, 1984.

Howard L. Stomel, Houston, for appellant.

W. Frances Moore, Houston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a summary judgment awarding appellee, Ellis Rudy, the balance due on a promissory note, together with interest, costs and attorney's fees, and entering a take-nothing judgment against appellant, G.D. Robinson, on his counterclaim. Appellant asserts two points of error on appeal.

On October 6, 1978, appellant and appellee entered into a written agreement by which appellee advanced $15,000 to appellant to manufacture and sell 7,000 "Racquet Ball Exerciser Trainers." The letter agreement provided that a royalty of fifty cents per unit would be paid to appellee, that the $15,000 would be returned to appellee out of sales or used to manufacture additional units if sales of the 7,000 units were sufficient to justify additional manufacture, and that any units remaining unsold at the end of one year were to become the property of appellee.

After the year period expired, appellee filed suit on July 18, 1980, against appellant, alleging that appellant failed to pay any royalty to appellee from the sales and also failed and refused to return any of the unsold exerciser trainer units. Appellee sought damages of $38,610 for appellant's alleged conversion of 7,800 Racquet Ball Exerciser Trainers, together with interest and costs of court.

On September 2, 1980, appellant executed and delivered to appellee a promissory note in the amount of $20,000, secured by 7,000 Racquet Ball Exerciser Trainers. The note recited that it was executed in return for appellee's taking a nonsuit in the numbered suit described therein which appellee had filed against appellant arising from the initial letter agreement. The note provided, among other terms, for one payment of $6,667 to be paid on April 30, 1981, with the remaining $13,333 due April 30, 1982. The note further provided for interest at ten percent per annum on the "matured unpaid principal" in the event payments became overdue.

Appellant made one payment of $500 on this note in June 1981. When appellant did not respond to appellee's written and oral demands for further payment, appellee filed the present suit to recover the balance due on the note, interest, attorney's fees, and costs.

Appellant answered, pleading duress, failure of consideration, and usury as affirmative defenses, and filed his counterclaim asserting usury. The trial court granted appellee's motion for summary judgment both on the claim alleged in his petition and on appellant's counterclaim.

In his first point of error, appellant urges that the granting of summary judgment for appellee on the underlying cause of action (recovery on the note) and denial of appellant's motion for a new trial were both erroneous since a material fact issue was raised "as to whether appellee charged or attempted to charge appellant a usurious rate of interest."

■ Interest is the compensation allowed by law for the use, forbearance, or detention of money. Tex.Rev.Civ.Stat.Ann. art. 5069–1.01(a). A usurious contract is one for (1) a loan of money (2) where the borrower has an absolute obligation to repay the principal and (3) the lender exacts a greater compensation than allowed by law for the use of the money. *Redman Industries, Inc. v. Couch,* 613 S.W.2d 787, 789 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

Appellant argues that "a note [executed September 2, 1980] requiring him to repay $20,000, by paying $6,667.00 on April 30, 1981, and $13,330 on April 30, 1982, for an advance of $15,000 is tantamount to charging or attempting to charge interest at the rate of 20% per year," and is usurious.

Appellee's affidavit in support of summary judgment, executed by appellee Rudy, proved by its statements and attached exhibits the existence and terms of the original letter agreement between the parties, the original lawsuit filed by appellee, the order for its dismissal, and the promissory note executed by appellant as consideration for the settlement. Rudy's affidavit further proved that he was the owner and holder of the note, that appellant failed and refused to pay other than the one $500 installment payment due, and that demand and placement of the notes in the hands of an attorney for collection all occurred. Appellant's answers to appellee's requests for admissions admitted appellant's execution and delivery of the note to appellee; that the note provided for matured unpaid principal to bear interest of the rate of 10% per annum from date of maturity until paid; that appellant had made no payment on the note except for the one $500 payment; and that appellee had made repeated oral and written demands for payment.

■ Under the Uniform Commercial Code, the appellee was entitled to recover on the note unless appellant established a defense. Tex.Bus. & Com.Code Ann. §§ 3.307(b), 3.301, 3.413 (Vernon 1968). Usury, of course, is a complete defense whether or not the appellee is a holder in due course. §§ 3.305; 3.306. Appellant had the burden of overcoming the presumption that the transaction was legal and untainted with usury. *Amaya v. First State Bank of San Diego,* 570 S.W.2d 95, 96 (Tex.Civ.App.—San Antonio 1978, no writ).

■ As a non-movant asserting an affirmative defense, appellant was obliged, in order to defeat summary judgment, to come forward with evidence sufficient to raise a fact issue upon his usury defense. *Nichols v. Smith,* 507 S.W.2d 518, 520 (Tex.1974); *Gulf, Colorado & Santa Fe Railway Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492, 500 (1959) (on rehearing).

Appellant's quoted argument under his point of error rephrases his original answer and his affidavit opposing summary judgment, i.e., that his 1980 note requires him to repay $20,000 for the earlier advance of $15,000. The statement is a blend, or compression, of a series of transactions. Nowhere in any pleading does appellant deny the facts of (1) the letter agreement between himself and appellee, (2) the lawsuit, and (3) its dismissal as the *quid pro quo*

for his note. In oral argument before this court, he conceded that appellee filed his suit in 1980 for the alleged conversion of $38,610 in exercise trainers and that appellee's dismissal of the suit was in exchange for the promissory note in question. He further conceded that the underlying transaction was a business venture, and not a loan. Consistent with all the above, appellant's promissory note recites on its face that it is executed "in return for the filing by Ellis Rudy of a request for a non-suit."

 To avoid summary judgment on the ground that an affirmative defense exists, the non-movant's evidence must raise a fact issue on each of the elements of such affirmative defense. *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980, no writ). Appellant's admissions, consistent with appellee's proof, show that there was no loan transaction initially. Further, appellee's undisputed proof shows the lack of an absolute certainty of repayment to appellee of the sum advanced. The note provides for interest only on matured and unpaid principal at a legal rate, and hence is not usurious. As a matter of law, usury did not exist either in the underlying transaction or in the later promissory note. Appellant's first point of error is overruled.

By his second point of error, appellant urges that the trial court erred in granting appellee's motion for summary judgment and in denying appellant's motion for new trial on appellant's counterclaim because the pleadings and request for admissions failed to disprove any element of appellant's counterclaim of usury.

Under Texas law, a cross-defendant who moves for summary judgment on a cross-plaintiff's counterclaim has the burden of conclusively proving that the cross-plaintiff failed to establish one or more elements of usury, so that as a matter of law there could be no recovery on a ground of usury. *Rosas v. Buddies Food Store*, 518 S.W.2d 534 (Tex.1975). As stated under point of error one above, the undisputed proof before the court in pleadings, affidavits and admissions negated both the existence of a loan and interest in excess of the legal limit. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.