GOLDEN TRIANGLE ENERGY, Robert N. Johnson and Barbara Bonin, Appellants,

v.

WICKES LUMBER, Appellee.

No. 09 86 158 CV.

Court of Appeals of Texas, Beaumont.

Jan. 29, 1987.

Michael J. Lindsay, Beaumont, for appellants.

Mark D. Dore, Law Offices of Gilbert Adams, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

The parties entered into an agreement allowing appellants to purchase items on credit from appellee. Under that contract, if appellants did not pay the full balance of the account within five days of the monthly due date appellee would assess a "delinquency charge of 2 percent or less as permitted by law." On several occasions the account became delinquent and a "delinquency charge" was assessed. The charge was then included in the principal amount owed on the next month's bill.

On October 8, 1985, appellants executed a promissory note, payable to appellee, in the principal amount of $7,526.20. This was the amount appellee claims was due and owing on the credit account as of October 10, 1985. By its terms, the note matured on December 8, 1985. On December 17, 1985, appellee filed suit alleging appellants owed $7,526.20 on the sworn account and that appellants owed the same principal amount plus twelve percent interest and attorney fees on the note. Appellants answered by general denial and sworn denial of all items contained in the account. Appellants' answer also contained special exceptions that the "account" attached to appellee's original petition was not sufficiently itemized and complete.

On March 7, 1986, appellee filed a motion for summary judgment on the ground that the note was due. Appellee requested judgment in the amount of $7,526.20 plus twelve percent interest until the note was paid. Appellee also claimed it was entitled to attorney fees in the amount of $2,500.00. The motion for summary judgment concluded with a general prayer for "such other and further relief, both general and special, at law or in equity, to which [appellee] may show itself to be justly entitled."

Appellants filed an amended answer on May 28, 1986, in which it alleged by way of affirmative defense and by counterclaim, that the credit account transaction which resulted in the principal amount of the note was usurious. On the same day appellants filed a response to the motion for summary judgment. That response alleged, as one ground precluding summary judgment, that material issues of fact existed as to whether appellants were entitled to an offset because the "delinquency charge" imposed on the credit account constituted usurious interest. A hearing on the motion for summary judgment was held on June 4, 1986.

On June 16, 1986, the trial court signed a summary judgment granting appellee's requested relief on the note. It also ordered that appellants take nothing by their counterclaim. Appellants perfected this appeal from the judgment of the trial court.

By their second point of error appellants urge that the trial court erred in granting a take-nothing judgment against them on their counterclaim of usury. Appellee argues that since usury is available as a defense and as an independent claim for relief, then the burden was on appellants to establish that material issues of fact existed as to each element of the affirmative defense of usury.

We agree that a party relying on an affirmative defense to avoid summary judgment must present sufficient summary judgment evidence to raise a fact issue as to each element of such defense. *See Robinson v. Rudy*, 666 S.W.2d 507 (Tex.App.—

Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). However, this rule of law is not controlling because appellant did not merely raise usury as an affirmative defense, but also filed a counterclaim based on usury in the credit account transaction. A cross defendant who seeks a summary judgment against a counterclaim has the burden of establishing, as a matter of law, that at least one element of the counterclaim does not exist. *See Robinson v. Rudy, supra*, at 510. Appellee's motion for summary judgment did nothing to address appellants' counterclaim. Appellee argues that the prayer for general relief in its motion for summary judgment is sufficient to justify the trial court's granting judgment against appellants on their counterclaim. We disagree. The grounds for summary judgment must be specifically stated in the motion. *See TEX.R.CIV.P. 166–A(c)* (Vernon Supp.1986).

In the present case, the motion for summary judgment set out absolutely no grounds why appellee might be entitled to judgment as a matter of law on the counterclaim. Furthermore, appellee's summary judgment proof contained absolutely no evidence as to whether the credit account transaction was usurious. Therefore, the trial court erred in granting any judgment concerning appellants' counterclaim. Appellants' second point of error is sustained. The judgment of the trial court is reversed and the cause is remanded.

REVERSED AND REMANDED.