gajdosik 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-357-CV





ROBERT L. GAJDOSIK AND GAIL GAJDOSIK,



 APPELLANTS


vs.





ALEXANDER UTILITY ENGINEERING, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 425,922-C, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING 



 





 This is an appeal from a summary judgment granted in favor of appellee Alexander
Utility Engineering, Inc. ("Alexander Utility"). In two points of error, appellants Robert
Gajdosik and Gail Gajdosik ("Gajdosik") argue the trial court erred in granting summary judgment
for Alexander Utility and in denying Gajdosik's motion to reconsider the summary judgment. We
will reverse.



BACKGROUND


 Robert Gajdosik was working on a utility pole when it suddenly broke and fell to
the ground with him on it. Before this incident, Bluebonnet Electric Cooperative ("Bluebonnet"),
Gajdosik's employer, had contracted with Alexander Utility to perform work in conjunction with
a general improvement project for certain facilities. Part of Alexander Utility's job included
inspecting utility poles such as the one on which Gajdosik was injured. Specifically, the contract
required Alexander Utility to "check all poles including service and meter poles, replace as
necessary." (1) Pursuant to this contract, Alexander Utility inspected the pole that ultimately broke
and injured Gajdosik, but did not recommend replacing the pole. 

 Gajdosik sued Alexander Utility for personal injuries, among other things, (2) alleging
the company was negligent in inspecting the pole. Alexander Utility moved for summary
judgment, alleging:



 Pursuant to Rule 166a, ALEXANDER UTILITY ENGINEERING, INC.
would show that the deposition transcripts, pleadings, and affidavits on file, or to
be filed, show that there is no genuine issue of any material fact and this Defendant
is entitled to a judgment as a matter of law.


Gajdosik filed a response to the motion for summary judgment, arguing that the evidence at least
raised a fact issue with respect to Alexander Utility's duties in inspecting the poles and, thus, its
liability to Gajdosik. 

 The trial court granted Alexander Utility's motion for summary judgment and
denied Gajdosik's motion to reconsider summary judgment. Gajdosik appeals.



STANDARD OF REVIEW


 In an appeal from a summary judgment granted in the defendant's favor, we must
determine whether the summary-judgment proof establishes as a matter of law that no genuine
issue of fact exists as to one or more of the essential elements of the plaintiff's cause of action. 
Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). In deciding whether there
is a disputed material fact issue precluding summary judgment, we must take as true all evidence
favoring the non-movant and indulge every reasonable inference and resolve every doubt in its
favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). If the
moving party proves there is no genuine issue of material fact regarding an essential element of
the non-movant's cause of action, the burden shifts to the non-movant to rebut this evidence with
evidence of its own. See Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979); Coan v. Winters, 646 S.W.2d 655, 658 (Tex. App.--Fort
Worth 1983, writ ref'd n.r.e.).



DISCUSSION


 In his first point of error, Gajdosik complains that the trial court erred in granting
summary judgment for Alexander Utility. Alexander Utility's argument in defense of the
summary judgment assumes the court granted judgment on the basis that Alexander Utility cannot
be liable because the contract imposed no duty to make subsurface inspections of the poles. 
Because we conclude that Alexander Utility's motion for summary judgment was legally
insufficient, we will sustain Gajdosik's first point of error.

 In Moody v. Temple National Bank, 545 S.W.2d 289, 290 (Tex. Civ. App.--Austin
1977, no writ), this Court reversed a summary judgment granted on a motion which stated merely
that:



there is no genuine issue as to any material fact and that the pleadings, depositions
and interrogatories on file herein show that these Defendants, the moving parties,
are entitled to a Judgment that the Plaintiff . . . take nothing as against these
Defendants . . . as a matter of law.



We held that the motion did "not state any grounds, specific or otherwise, upon which it is based,
and, as a result, it is not in compliance with Rule 166-A(c) as amended." Id. In the instant case,
Alexander Utility's motion for summary judgment is substantially the same as the motion in
Moody. Thus, we conclude that Alexander Utility's motion did not state any grounds on which
the trial court could have granted summary judgment. 

 The Texas Supreme Court recently reaffirmed that when the grounds for a summary
judgment are not expressly presented in the motion for summary judgment itself, "the motion is
legally insufficient as a matter of law." McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d
337, 342 (Tex. 1993). Further, the non-movant is not required to except or object to the motion
at the trial-court level in order to preserve the issue for appeal. Id. Thus, "a summary judgment
cannot be affirmed on grounds not expressly set out in the motion or response." Stiles v.
Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993) (citing Home Indem. Co. v. Pate, 814
S.W.2d 497, 500 (Tex. App.--Houston [1st Dist.] 1991, writ denied); Carlisle v. Philip Morris,
Inc., 805 S.W.2d 498, 517-18 (Tex. App.--Austin 1991, writ denied); Dhillon v. General Accident
Ins. Co., 789 S.W.2d 293, 295 (Tex. App.--Houston [14th Dist.] 1990, no writ)); see also Golden
Triangle Energy v. Wickes Lumber, 725 S.W.2d 439 (Tex. App.--Beaumont 1987, no writ). In
accordance with our holding in Moody, and the supreme court's recent decisions in McConnell
and Stiles, we sustain Gajdosik's first point of error. 

 Had Alexander Utility's motion specifically set forth the ground on which it
purports to rest, we nevertheless would be compelled to reverse the summary judgment. 
Alexander Utility apparently relied solely on the affidavit of Richard Alexander, vice-president
of Alexander Utility. (3) Alexander states that his company's duties under the contract were to make
a visual check of the poles from the ground up and that "[i]t was the intent of my company in
executing the contract to perform only above surface visual inspections." Alexander states that
structural tests and subsurface inspections are a separate service not included in this contract. 
Alexander, however, never attempts to explain why the contract uses the broad language, "check
all poles including service and meter poles, replace as necessary," if the parties' intent was to
limit the inspection to a visual ground-up inspection. (4) Instead, Alexander merely concludes that
the basis for his company's having any liability to a Bluebonnet lineman "has never existed." 

 "Statements in an affidavit [in support of summary judgment] which are mere
conclusions or which represent the affiant's opinion are insufficient." Cuellar v. City of San
Antonio, 821 S.W.2d 250, 252 (Tex. App.--San Antonio 1991, writ denied). Therefore, "a legal
conclusion in an affidavit is insufficient to . . . establish the existence of a fact in support of a
motion for summary judgment." Mercer v. Daoran Corp., 676 S.W.2d 580, 583 (Tex. 1984). 
"The affidavit must set forth facts, not legal conclusions." Cuellar, 821 S.W.2d at 252. 
Furthermore, "[t]he affidavit must be direct, unequivocal, and such that perjury is assignable." 
Einhorn v. LaChance, 823 S.W.2d 405, 410 (Tex. App.--Houston [1st Dist.] 1992, writ dism'd
w.o.j.). Finally, "[s]elf-serving statements of interested parties, testifying as to what they knew
or intended, do not meet the standards of Texas courts for summary judgment." Allied Chem.
Corp. v. DeHaven, 752 S.W.2d 155, 158 (Tex. App.--Houston [14th Dist.] 1988, writ denied). 

 We conclude that Alexander's affidavit, alone, is insufficient to prove that
Alexander Utility is entitled to summary judgment as a matter of law. The affidavit is based on
Alexander's subjective legal conclusion that his company did not owe a "duty" to Gajdosik in
performing its contract to inspect the utility poles but the affidavit does not set forth any
articulable facts proving the absence of such a duty. As such, the affidavit was insufficient to
meet Alexander Utility's summary judgment burden, and granting its summary judgment motion
was improper. 

 We hold that Alexander Utility's motion for summary judgment, which did not set
forth any grounds on which summary judgment could be granted, was insufficient as a matter of
law. Furthermore, even if its motion were legally sufficient, we conclude that Alexander Utility
failed to meet its summary judgment burden at the trial-court level. We reverse the summary
judgment and remand the cause to the trial court for trial on the merits. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded

Filed: March 30, 1994

Do Not Publish
1. There does not seem to be any dispute that this is what the contract required. Both the
affidavit of Richard Alexander, vice-president of Alexander Utility, and plaintiff's exhibit 14,
consisting of a letter from Alexander Utility to Bluebonnet setting forth Alexander Utility's
duties under the contract, specifically refer to the quoted language above.
2. In his first amended original petition, Gajdosik also sued certain other defendants who
sold the utility poles under theories of strict liability, breach of warranty, and negligence. 
However, on May 20, 1993, the trial court severed these claims from those asserted against
Alexander Utility after first denying Gajdosik's motion to reconsider the summary judgment.
3. It is unclear whether Alexander Utility attempted to rely on any deposition testimony in
support of its motion for summary judgment at the trial level. Nevertheless, even if Alexander
Utility intended to rely on certain deposition testimony, we conclude it did not timely file such
evidence with the trial court. We therefore presume that the trial court did not consider such
evidence in granting the motion for summary judgment. Neither party filed any depositions,
notices, or other evidence referring to depositions with the district court until September 27,
1988, and the order on the summary judgment was rendered on October 6, 1988. See Tex. R.
Civ. P. 166a(d) ("Discovery products not on file with the clerk may be used as summary
judgment evidence if copies of the material, appendices containing the evidence, or a notice
containing specific references to other instruments, are filed and served on all parties . . . at
least twenty-one days before the hearing if such proofs are to be used to support the summary
judgment . . . .") (emphasis added). Furthermore, Alexander's motion for summary judgment
did not set forth any deposition testimony or transcripts, did not attach any deposition excerpts
as exhibits, and did not even refer to any particular deposition testimony in support of the
motion. See Tex. R. Civ. P. 166a(c) ("The judgment sought shall be rendered forthwith if (i)
the deposition transcripts, interrogatory answers, and other discovery responses referenced or
set forth in the motion or response . . . show that, except as to the amount of damages, there is
no genuine issue as to any material fact and the moving party is entitled to judgment as a
matter of law . . . .") (emphasis added).
4. At oral argument in this Court, counsel for Alexander Utility argued that if Gajdosik's
position was that the above quoted language created an ambiguity in the contract due to its
broadness, Gajdosik was required to plead such ambiguity before he could place evidence on
the issue before the trial court. In other words, Gajdosik was precluded from attempting to
interpret the language to require certain duties on the part of Alexander Utility, because he did
not plead ambiguity of contract in his original pleadings. We disagree. "When a written
instrument contains an ambiguity, even though not alleged by the parties, the granting of a
motion for summary judgment is improper because the interpretation of the instrument
becomes a fact issue." Gaulden v. Johnson, 801 S.W.2d 561, 565 (Tex. App.--Dallas 1990,
writ denied) (emphasis added).