Opinion issued January 6, 2011. 

 

 

 

 



                                                                        

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-01088-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



HOME LOAN CORP., Appellant

 

V.

 

SKH, L.L.P. & LAGEAN MEDEARIS, Appellees

 

 



On Appeal from the 333rd District Court

 Harris County,
Texas

Trial Court Cause No. 2004-19989 

 

 



MEMORANDUM OPINION

           Home Loan Corporation appeals a summary
judgment entered in favor of SKH, L.L.P. and Lagean Medearis.  In one issue, Home Loan contends that the
trial court erred in granting summary judgment on claims not addressed in the
motion for summary judgment.  We conclude
that the trial court erred in granting judgment on Home Loan’s negligence and
negligent misrepresentation claims because SKH and Medearis did not move for
summary judgment on these claims.  We
therefore affirm the trial court’s summary judgment on the breach of fiduciary
duty claim, but we reverse its judgment on the negligence and negligent
misrepresentation claims and remand them for further proceedings. 

Background

          In 2004, Home Loan, a residential
mortgage lender, funded two loans to a borrower for the purchase of real
property.  A title company, acting as the
escrow agent, closed on the two loans; its fee agent for the closing was SKH, a
law firm that in turn employed Medearis for this purpose.  As the fee agent, Medearis oversaw the escrow
of the closing money for the two loans.  Several
months after the closing, Home Loan filed suit against Medearis and vicariously
SKH for breach of fiduciary duty, negligence and negligent misrepresentation,
alleging that Medearis did not properly distribute the funds at the closing.  

          SKH
and Medearis filed a traditional summary judgment motion.  In the motion, they stated:

Defendants move for summary
judgment on the following grounds:         

 

1.     The summary judgment evidence conclusively establishes
that there was no breach of fiduciary duty on the part of Medearis; and

 

2.     The summary judgment evidence conclusively established
that even if Medearis breached a fiduciary duty, any injuries that Home Loan is
alleging, were caused by negligent and/or fraudulent acts of plaintiff and the
fraud defendants.  Home Loan does not
deserve a remedy because it is not an innocent party injured by a guilty party.

 

Defendants are entitled to
summary judgment as a matter of law on plaintiff’s claims. 

 

SKH and Medearis do not mention Home
Loan’s negligence and negligent misrepresentation causes of action in their
summary judgment motion.

          Home
Loan failed to respond to the motion, and the trial court granted summary
judgment on all of Home Loan’s claims and dismissed its case against SKH and
Medearis with prejudice.  In response,
Home Loan moved to vacate the judgment and for new trial, maintaining that Medearis
and SKH were not entitled to final judgment because they filed only a partial
motion for summary judgment that did not address Home Loan’s negligence and
negligent misrepresentation claims and thus had not sought to dispose of all
claims against SKH and Medearis.  The
trial court denied Home Loan’s motions and thereafter entered a final judgment
on the case.

Discussion

          On
appeal, Home Loan contends that the trial court erroneously granted summary
judgment on its negligence and negligent misrepresentation claims because SKH
and Medearis did not expressly present grounds for summary judgment on those
claims.  According to Home Loan, SKH and
Medearis only presented grounds for summary judgment on the breach of fiduciary
duty claim.  We agree.  

Standard of Review 

          We
review a trial court's summary judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident
Life & Accid. Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  Under
the traditional standard for summary judgment, the movant has the burden to
show that no genuine issue of material fact exists and that the trial court
should grant a judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  When reviewing a summary judgment motion, we
take as true all evidence favorable to the nonmovant and indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor.  Dorsett, 164 S.W.3d at 661; Knott, 128 S.W.3d at 215; Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).

          Traditional
summary judgment is proper only if the movant establishes that there is no
genuine issue of material fact and that the movant is entitled to judgment as a
matter of law.  Tex. R. Civ. P. 166a(c).  A defendant moving for traditional summary
judgment must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum,
Inc., 941 S.W.2d at 911. “Summary
judgments must stand on their own merits, and the non-movant’s failure to
answer or respond cannot supply by default the summary judgment proof necessary
to establish the movant’s right.”  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979). 

Excess Relief

          A summary judgment motion must also “stand
or fall on the grounds expressly presented in the motion.”  McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993); Tex. R. Civ. P. 166a(c) (“The motion
for summary judgment shall state the specific grounds therefor.”).  “Grounds may be stated concisely, without
detail or argument.  But they must at
least be listed in the motion.” McConnell,
858 S.W.2d at 340.  If summary judgment
on one or more claims is proper, but the summary judgment order grants more
relief than the movant requests, we must reverse judgment on the claims not
addressed in the summary judgment motion and must remand them to the trial
court.  See Bandera Elec. Coop. v.
Gilchrist, 946 S.W.2d 336,
336 (Tex. 1997) (per curiam); Sci. Spectrum, Inc., 941 S.W.2d 910, 912
(Tex. 1997); Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193,
204 (Tex. 2002); Positive Feed, Inc. v. Guthmann, 4 S.W.3d 879, 881 (Tex. App.—Houston [1st Dist.] 1999, no
pet.) (“When, as here, a trial court grants more relief by summary judgment
than requested, by disposing of issues never presented to it, the interests of
judicial economy demand that we reverse and remand as to those issues, but address
the merits of the properly presented claims.”).

          SKH
and Medearis’s motion for summary judgment does not mention Home Loan’s
negligence and negligent misrepresentation claims.  Therefore, it does not expressly list grounds
for summary judgment on those claims.  See McConnell, 858 S.W.2d at 340; Tex. R. Civ. P. 166a(c).  Because SKH and Medearis did not move for
summary judgment on the negligence and negligent misrepresentation claims, the
trial court erred in disposing of those issues. 
See Speck v. First Evangelical
Lutheran Church of Houston, 235 S.W.3d 811, 819 (Tex. App.—Houston [1st
Dist.] 2007, no pet.) (trial court erred in granting summary judgment on all of
non-movant’s claims, including sworn account and breach of contract claims,
because motion challenged only evidence supporting non-movant’s quantum meruit
claim).  

          In
response, SKH and Medearis contend that summary judgment was proper on all of
Home Loan’s claims, including negligence and negligent misrepresentation,
because their motion provided fair notice that they sought relief on all claims.  They point to the fact that in the motion
they asked for summary judgment on “plaintiff’s claims” in the plural.  In addition, they maintain that the motion
presented grounds for summary judgment on negligence and negligent
misrepresentation because the motion asserted that SKH and Medearis did not
cause Home Loan’s injuries, and causation is an element of breach of fiduciary
duty, negligence and negligent misrepresentation.  

          We find the arguments of
SKH and Medearis unpersuasive.  The fact
that they asked for summary judgment on “plaintiff’s claims” in their motion is
immaterial because they did not expressly set out specific grounds for summary
judgment on the negligence and negligent misrepresentation claims or reference
them at all.  See Golden Triangle Energy v. Wickes Lumber, 725 S.W.2d 439, 441
(Tex. App.—Beaumont 1987, no writ) (holding that prayer for general relief in
motion for summary judgment was insufficient to justify trial court’s granting
judgment against non-movants on their counterclaim because summary judgment did
not identify any grounds that might entitle movant to judgment on the counterclaim).  

          Further, although SKH and
Medearis assert that summary judgment was proper on the negligence and
negligent misrepresentation claims because their actions did not cause Home
Loan’s injuries, they did not present this argument to the trial court expressly
in their summary judgment motion, and thus cannot raise it for the first time
on appeal. See Tex. R. Civ. P. 166a(c); see also Brewer & Pritchard, 73 S.W.3d at 204 (holding that trial court
erred in granting summary judgment on basis that movants did not breach their
fiduciary duty to non-movants because movants did not include that ground in
their summary judgment motion although movants set forth facts in other parts
of motion that they could have relied on to show they did not breach duty).  Therefore, we remand the negligence and
negligent misrepresentation claims not addressed in the summary judgment
motion.  See Bandera Elec. Coop., 946 S.W.2d at 336.   

Conclusion

          We
conclude that the trial court erred in granting summary judgment on Home Loan’s
negligence and negligent misrepresentation claims because SKH and Medearis did
not move for judgment on these claims.  We
therefore affirm the trial court’s summary judgment on the breach of fiduciary
duty claim, but we reverse its judgment on the negligence and negligent
misrepresentation claims, and remand them for further proceedings.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Keyes,
Higley, and Bland.