# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-14-00519-CV

---

**John Thomas Aiken, Appellant**

**v.**

**Angelique S. Naylor, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. D-1-GN-13-003527, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant, John Thomas Aiken, appeals from a summary judgment rendered by the district court of Travis county in a suit involving title to a house and lot in Austin. This Court will reverse the judgment in part and affirm it in part.

Appellee Angelique S. Naylor bought the house and lot at 1101 Durham Drive in 2003. She financed the purchase with a thirty year $187,010 loan, secured by a deed of trust held ultimately by Wells Fargo Bank.

In 2004, Naylor and Aiken entered into a lease agreement with an option to purchase the house and lot. The lease agreement required Aiken to pay Naylor $189,577.58 in base rental payments, $5,000 of which was prepaid in cash and $184,577.58 of which was tendered by a note payable to Naylor on or before April 10, 2009. Aiken was obligated by the terms of the note to make annual payments of $2,272.20 to Naylor. Naylor then delivered possession of the property to Aiken.

The lease agreement granted Aiken an option to purchase the property prior to the maturity of the note. Naylor signed a deed to the property, but it was held in escrow pending Aiken's exercise of the option. Aiken, however, did not exercise the option nor did he pay the balance of the note on maturity. Aiken remained on the property and continued to make payments to Naylor through July 2013. After that date, he made no further payments although he continued to live there. Naylor filed an eviction suit in justice court, and Aiken, in turn, filed the instant lawsuit.

Aiken sued Naylor and Wells Fargo to quiet title to the property. He also sought damages against Naylor for alleged violation of the Texas Property Code and the Texas Debt Practices Act. In addition, he asserted a claim against Naylor for money had and received and unjust enrichment. Finally, Aiken sought a declaration that the liens held by Naylor and Wells Fargo were barred by limitations.

Naylor filed an answer and an original and amended counterclaim requesting damages for breach of the lease contract, a declaration that the lease agreement was valid and enforceable, and a declaration defining the rights of the parties under the lease agreement.

Thereafter, Naylor filed a traditional and no-evidence motion for summary judgment. The district court granted Naylor's motion, noting, however, that the summary judgment was interlocutory in that it did not dispose of Aiken's claims against Wells Fargo. After Aiken nonsuited the bank, the district court signed a judgment, incorporating the summary judgment.

The summary judgment provided, among other things, that Aiken take nothing. The summary judgment further declared that the agreement between Aiken and Naylor was valid and enforceable; that Aiken's option to purchase had expired; that the relationship between Naylor and

2

Aiken was that of lessor and lessee; that no title dispute existed; and that Naylor was not precluded from pursuing her justice court eviction suit.

In his lead issue, Aiken maintains that the district court improperly granted summary judgment relief not specifically requested in Naylor's motion.

The right to summary judgment exists only by virtue of Texas Rule of Civil Procedure 166a. To be entitled to a summary judgment one must strictly comply with the provisions of Rule 166a. *Tobin v. Garcia*, 316 S.W.2d 396, 400 (Tex. 1958); *Moody v. Temple Nat'l Bank*, 545 S.W.2d 289, 290 (Tex. Civ. App.—Austin 1977, no writ). Rule 166a(c) requires that the motion for summary judgment "state the specific grounds therefor." Tex. R. Civ. P. 166a(c). A summary judgment must stand or fall on the grounds expressly stated in the motion. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *see* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

Naylor's motion for summary judgment only addresses Aiken's claim to quiet title and certain declaratory relief. It makes no mention of Aiken's claim for damages for violation of the Texas Property Code and the Texas Debt Practices Act, nor does it speak to Aiken's claim for money had and received and unjust enrichment. Accordingly, that part of the summary-judgment motion is not in compliance with Rule 166a(c).

Naylor insists that Aiken waived his claim for non-specificity by not asserting it in the district court. Naylor's argument is without merit. "When the motion for summary judgment clearly presents certain grounds but not others, a non-movant is not required to except." *McConnell*,

3

858 S.W.2d at 342. Moreover, Aiken filed a motion for new trial specifically pointing out that Naylor's motion for summary judgment did not seek relief on his claims under the Texas Property Code and the Texas Debt Practices Act.

Aiken next asserts that summary judgment was improper because "issues of fact" exist as to which party holds superior title to the house and lot. In support of this assertion, without citing authority or record references, Aiken claims his execution of the note "paid the lease in full, i.e., Aiken exercised his option to purchase the property and that the lease no longer exists." Aiken also asserts that Naylor executed and delivered to him a deed to the property.

Aiken's argument has no merit. First, Naylor did not deliver a deed to the property to Aiken; rather, the deed was held in escrow pending full payment of the note. Further, nothing in the lease agreement provides that Aiken's execution of the note constituted the exercise of his option to purchase the property. Instead, paragraph 23 sets out in detail the manner in which the option to purchase may be exercised. Aiken complied with none of the requirements of paragraph 23. Finally, nothing in the lease provides for the demise of the lease upon execution of the note. To the contrary, the lease viewed as a whole contemplates an on-going relationship between the lessor and lessee. For example, paragraph 6 limits the lessee's use of the property; paragraph 8 sets out the lessee's duty to repair and maintain the premises; paragraph 16 entitles the lessor to accelerate the note upon the breach of any covenant of the lease agreement; and, finally, paragraph 18 permits the lessor to enter and inspect the property. Because Aiken did not exercise the option to purchase the property, Naylor retains superior title to the property.

Aiken next claims that Naylor's claims for breach of contract and declaratory judgment are barred by the four-year statute of limitations. We do not agree.

Aiken filed his original petition on October 10, 2013, and an amended original petition on October 14, 2013. In these pleadings Aiken asserted claims related to the parties' transaction regarding the house and lot in question. Naylor filed her original answer and counterclaim asserting her breach of contract claim on November 13, 2013. On March 19, 2014, she filed her amended counterclaim requesting, in addition, a declaration that the lease agreement was valid; that Aiken's option to purchase had expired; and that the relationship between her and Aiken was that of lessor and lessee.

Tex. Civ. Prac. & Rem. Code § 16.069 provides:

(a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

(b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

Tex. Civ. Prac. & Rem. Code § 16.068 provides:

If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

5

By filing her original counterclaim with her answer on November 13, 2013, Naylor satisfied the 30-day requirement of section 16.069(b). As well, the amended counterclaim, filed on March 19, 2014, met the requirements of section 16.068. *See Barraza v. Koliba*, 933 S.W.2d 164, 167 (Tex. App.—San Antonio 1996, writ denied); *E.P. Operating Co. v. Sonora Expl. Corp.*, 862 S.W.2d 149, 152 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("We hold that a counterclaim that was timely filed under section 16.069 may be amended pursuant to section 16.068 provided the facts or grounds of liability asserted in the amendment are based on the same transaction or occurrence.").

Aiken asserts next that due to her alleged bankruptcy fraud, Naylor is judicially estopped from enforcing any rights or obligations under the note, lease, or payments made by him. Naylor responds that under the circumstances of this case, the doctrine of judicial estoppel is not applicable. We agree.

In 2010, Naylor filed a voluntary petition for Chapter 7 bankruptcy. In the various bankruptcy schedules, Naylor failed to list the note, lease, or payments received from Aiken. On December 2013, Naylor, "in an abundance of caution," re-opened her bankruptcy case disclosing the lease agreement and amending the several schedules. About a month later, in January 2014, the bankruptcy trustee, doubtless concluding that the value of the claim was de minimis, re-closed the file.

Judicial estoppel precludes a party who successfully maintains a position in one proceeding from afterwards adopting a clearly inconsistent position in another proceeding to obtain an unfair advantage. Judicial estoppel is not intended to punish inadvertent omissions or

6

inconsistencies but rather to prevent parties from playing fast and loose with the judicial system for their benefit. *Ferguson v. Buildings Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009). At the time of the filing of the bankruptcy proceeding in 2010, there was no asset to disclose since the lease agreement had expired by its own terms in 2009. At that time, Naylor had no motive to conceal the lease agreement because its addition would not have added value to the bankruptcy estate. Even so, Naylor voluntarily re-opened her bankruptcy case to disclose the lease, and amended the various schedules reflecting the same. Thus, even assuming the existence of an inconsistent position, Aiken suffered no disadvantage because of the omission, and because the lease was worthless, the creditors in the bankruptcy proceeding likewise suffered no disadvantage. Finally, we think it plain that a landlord asserting her contractual rights in defending a claim of title alleged by her tenant is not seeking an unfair advantage against the tenant. The doctrine of judicial estoppel does not apply under these circumstances. *See id.* at 644.

Aiken argues finally that Naylor lacks standing to claim breach of the lease agreement because of her failure to disclose the lease and related matters in her bankruptcy case. The argument lacks merit. Any doubt concerning Naylor's standing was resolved after her bankruptcy schedules were amended in December 2013 and the bankruptcy case was re-closed by the trustee in January 2014. In March 2014, Naylor re-asserted her breach of lease agreement claim by filing her amended counterclaim.

The part of the district court's judgment providing that Aiken take nothing by his claims for damages for violation of the Texas Property Code and the Texas Debt Practices Act and

7

for money had and received and unjust enrichment is reversed and those causes are remanded to the district court; in all other respects the judgment is affirmed.

_____

Bob E. Shannon, Justice

Before Justices Goodwin, Field, and Shannon*

Affirmed in part; Reversed and Remanded in part

Filed:   September 23, 2016

*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).